■ In the Matter of the Claim of SALVATORE DE STEFANO, Respondent, v. STATE OF NEW YORK, DIVISION OF HOUSING, et al., Appellants, and CARL STERN et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workmen's Compensation Board, filed May 17, 1972. Two issues are presented on this appeal. First, was there sufficient evidence to support the finding of an employer-employee relationship existing between claimant and the State, and secondly, even if so found, would the State be responsible for workmen's compensation payments in view of the manner of payment of wages to claimant by one other than the State? There is no question but that claimant was hired by the State Division of Housing as a construction

inspector. The division also maintained exclusive control over the manner and method of his work and it was to it that he made his reports. There is substantial evidence to support the factual determination of his employment by the State (*Matter of Worth* v. *Hubbell Lbr. Corp.*, 29 A D 2d 1025). Claimant's wages were determined by the State, but actually paid from a revolving fund created by a fee of .8% of the value of the mortgage obtained on each project that was subject to inspection. The actual drawing of the check from this fund was done by the named developer of each project, and if there were not sufficient funds assessed against one project to satisfy the necessary wages, other larger or surplus funds could be used to obtain the required wage payments. The actual checks after being drawn were sent to the Division of Housing appropriate personnel office, checked for amount, deductions, and then in turn forwarded to claimant. Appellant contends that as a matter of law claimant must be deemed to be an employee of the owner of the building, who actually paid his wages. Its authority is section 3 of the Workmen's Compensation Law which provides in part as follows: "§ 3. Application. 1. Hazardous employments. Compensation shall be payable for injuries or death incurred by employees in the following employments: * * * Group 16. Any employment by the state, including the employment of all elected and appointed public officers, notwithstanding the definitions of the terms 'employment,' 'employer' or 'employee,' in subdivisions three, four and five of section two of this chapter; but work as a civil defense volunteer under the provisions of the state defense emergency act shall not be deemed employment by the state. *An employee engaged in any employment herein whose wages are paid by a municipal corporation or other subdivision of the state or by an employer other than the state shall be deemed an employee of such municipal corporation or other political subdivision of the state or such employer other than the state for the purposes of this chapter.*" (Italicized portions added by L. 1939, ch. 732.) In support of its position, appellant relies upon *Matter of Chilk* v. *City of New York* (26 A D 2d 425, affd. 22 N Y 2d 661), where this court held that a probation officer working for the Family Court, but being paid by the City of New York, was an employee of the city for workmen's compensation purposes. However, in this case the factual pattern is quite different. While the fund from which claimant was paid was created by required contributions of the owner-builder, once made, the payor, acting as agent for the State, was making wage payments from an entity designated for that purpose. Viewed in this light, the payments made by the owner-builder were not salary payments but rather a portion of costs at the mortgage closing required by law for the purpose of defraying costs of processing the loan, approving architectural and engineering plans, establishing specifications as well as supervision of construction in which the claimant was involved. Substantial evidence is in the record to support the conclusion that the owner-builder was not paying the wages of claimant. Decision affirmed, with costs to respondents filing briefs. Herlihy, P. J., Cooke, Sweeney, Kane and Main, JJ., concur.